# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEYEZ HANNA,<br>        Plaintiff,<br><br>v.<br><br>SONNY PERDUE, JUSTIN KELLEY,<br>JULIA HARTLEY AND DANA STAHL,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-4555 |

## MEMORANDUM OPINION

*Pro se* plaintiff Feyez Hanna's case is dismissed due to his failure to comply with the Court's orders and timely prosecute his case.

In October 2018, Hanna filed a complaint, *pro se*, against the Secretary of the United States Department of Agriculture ("USDA") and three other USDA employees, alleging retaliation and discrimination based on ethnicity and disability. Hanna also requested an attorney, and the Court referred his case to the Employment Panel.

Defendants moved to dismiss in December 2018. The motion was denied. The parties subsequently held a Rule 26(f) conference on February 25, 2019. The scheduling order set a deadline of May 30, 2019 for the conclusion of fact discovery including fact depositions of fact witnesses.

On March 6, 2019, Hanna secured the services of an attorney, and the attorney made an appearance on Hanna's behalf later that month. About two months later, however, Hanna terminated his attorney due to disagreements about the scope of discovery—specifically, Hanna's unwillingness to be deposed.

Defendants moved for a stay or extension of discovery following Hanna's attorney's termination, and the Court granted an extension to September 17, 2019. During this time, Defendants continued attempting to obtain discovery from Hanna, and, particularly, to schedule a deposition. However, Hanna did not respond to Defendants' requests. Then, on August 30, 2019, Hanna himself moved to postpone discovery and to once again be referred to the Employment Panel. The Court denied both of his motions, keeping the September 17 discovery deadline in place. Though over a month has passed since the extended discovery deadline, Hanna has yet to respond to Defendants' discovery requests or to complete his own discovery. He also has not responded to the motion at issue.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Such a dismissal operates "as a dismissal on the merits," meaning that dismissal is with prejudice. *See* F.R.C.P. 41(b). "A federal trial court is empowered to dismiss such actions because it must be able to effectively rid its docket of such cases that interfere with the ability of diligent litigants to obtain prompt judicial resolution of their disputes." *Milligan v. Davidson*, 1996 WL 680134, at *7 (E.D. Pa. Nov. 19, 1996). "Failure to prosecute does not require that a plaintiff take 'any positive steps to delay trial[;] . . . '[i]t is quite sufficient if he does nothing.'" *Marrero v. Ross*, 2019 WL 3833943, at *2 (E.D. Pa. Aug. 15, 2019) (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)). Though "the Third Circuit Court of Appeals [has] emphasized its strong policy favoring decisions on the merits and cautioned that dismissal with prejudice is an 'extreme sanction' and 'a sanction of last, not first, resort,' it 'has not hesitated to affirm . . . district court[s'] imposition of sanctions, including dismissals in appropriate cases.'" *Id.* (internal quotations omitted).

A court must determine whether dismissal is appropriate by considering the six factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.1984). *See, e.g.*, *Herrman v. Allstate Ins. Co.*, 450 F. Supp.2d 537, 542 (E.D. Pa. 2006). "None of the *Poulis* factors is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

The first factor assesses a "party's personal responsibility," as opposed to the party's attorney's responsibility. The purpose of this analysis is to avoid penalizing a party for his attorney's "acts or omission." *Id.* Here, Hanna has primarily represented himself *pro se*, and there is no indication that his former attorney was less than diligent in his representation. In fact, by Hanna's own admission, his former attorney attempted to schedule a deposition, which Hanna himself refused to attend. *See In re Alloui*, 2019 WL 5061086, at *2 (E.D. Pa. Oct. 8, 2019) (explaining that responsibility for any failure to prosecute fell on plaintiff because he had proceeded *pro se*).

The second factor—"prejudice to the adversary"—"includes deprivation of information through non-cooperation with discovery." *Milligan*, 1996 WL 680134, at *7; *see also Poulis*, 747 F.2d at 868 (citing party's failure to answer interrogatories and answer objections as prejudicial to adversary); *Lurwick v. Lehigh Valley Health Network, Inc.*, 2019 WL 2060070, at

*4 (E.D. Pa. May 9, 2019). Hanna's repeated refusal to answer Defendants' discovery requests has impaired their ability to prepare their defense. For example, in addition to refusing to be deposed, Hanna has refused to produce medical records relating to his stated disability; without such discovery, Defendants have been unable to properly assess the strength of Hanna's claims related to his disability.

Third, Hanna has a "history of dilatoriness." *Id.* As noted, Hanna has repeatedly refused Defendants' discovery requests. Fourth, Hanna's actions have been willful. Hanna himself admitted in filings to the Court that he refused his attorney's and Defendants' attempts to schedule a deposition. *See In re Alloui*, 2019 WL 5061086, at *2 (interpreting failure of pro se plaintiff to obey court orders as "willful" where plaintiff did not comply with discovery).

As to the fifth factor—the "effectiveness of sanctions other than dismissal"—courts have typically considered the imposition of costs or attorney's fees as alternatives to dismissal. However, "[w]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action" it is difficult to "envision a[n alternative] sanction that would be appropriate." *Lurwick.*, 2019 WL 2060070, at *5 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008)). This is particularly true where a plaintiff is proceeding *pro se* and there is no attorney to sanction for noncompliance. *See id.* Courts have also declined to impose monetary sanctions as an alternative to dismissal where "the imposition of such sanctions would undermine the purpose behind a federal trial court's authority to dismiss actions for failure to prosecute," for example, by essentially requiring a court to further extend deadlines in an already delayed case. *Milligan*, 1996 WL 680134, at *7. The Court declined to further extend discovery in its September 11, 2019 and declines to revisit that ruling.

Finally, the sixth factor, "meritoriousness," analyses whether the "allegations of the

pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 870. Here, meritoriousness "is neutral and not dispositive." *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). In its October 22, 2019 denial of Defendants' motion to dismiss for failure to state a claim, the Court did find that under a motion to dismiss standard Hanna's Complaint contained sufficient allegations that Defendants had illegally discriminated and retaliated against him. However, while "Hanna has . . . made facially meritorious claims, [he] has not taken any steps to substantiate the allegations made in the pleadings." *Lurwick*, 2019 WL 2060070, at *5. Therefore, "[t]he Court . . . is unable to ascertain whether or not [Hanna's] claims may be considered meritorious based on the evidence on the record." *Id.*

Considered together, the *Poulis* factors therefore favor dismissing this action for failure to prosecute.

**October 25, 2019**                                   **BY THE COURT:**

                                                       **/s/Wendy Beetlestone, J.**

                                                       _____
                                                       **WENDY BEETLESTONE, J.**